GARIN LAW GROUP
JOSEPH P. GARIN, ESQ.
Nevada Bar No. 6653
9900 Covington Cross Drive, Suite 210
Las Vegas, Nevada 89144
Phone: (702) 382-1500
Fax: (702) 382-1512
jgarin@garinlawgroup.com

*Attorneys for Defendant Admiral Insurance Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KABUL, INC.<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>ADMIRAL INSURANCE COMPANY; GREGG EIDSNESS FARM BUREAU FINANCIAL SERVICES, NBS INSURANCE AGENCY, INC. aka NATIONWIDE BROKERAGE SOLUTIONS; RT SPECIALTY; RSG SPECIALTY, LLC; RYAN SPECIALTY, LLC; ERIK W. FOX; WOLFE & WYMAN, LLP; KEVIN R. STOLWORTHY; ARMSTRONG TEASDALE, LLP; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>　　　　　　Defendants. | Case No:<br><br><br>**PETITION FOR REMOVAL** |

TO:   THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

TO:   ALL INTERESTED PARTIES

　　　　Pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendant ADMIRAL INSURANCE COMPANY ("Defendant" or "Admiral") hereby removes *Kabul, Inc. vs. Admiral Insurance Company, et al.,* filed as Case No. A-25-920666-C, filed in Department 26 and later reassigned to Department 31 under Case No. A-25-920666-B, Eighth Judicial District Court, Clark County, Nevada ("State Court Action") to the United States District

Court for the District of Nevada, and in support of this removal states as follows:

I. **STATEMENT OF THE CASE**

Plaintiff Kabul, Inc. ("Kabul") alleges that it is an Arizona corporation with principal place of business in Arizona and operating a jet ski rental business in Arizona. Kabul had a liability policy through Admiral covering its specified operation of "Rental of Jet Skis" for the term 4/25/2019 to 4/25/2020 ("2019 Policy"). Plaintiff argues that in the spring 2020, Kabul applied for and was issued a new liability policy by Admiral for the term 5/22/2020 to 5/22/2021 ("2020 Policy"), covering "Jet Ski Rental" operations and paid full premium therefor. Plaintiff also alleges that on August 21, 2020, Tammy Lynch was killed while a passenger on a jet ski rented from Kabul and operated by one Daryl Alexander when a drunk driver on another company's jet ski rear-ended them. Plaintiff contends that Admiral issued a 2021 Policy for the term 5/22/2021 to 5/22/2022, covering "Jet Ski & Boat Rental" operations without requiring or attaching a schedule of individual jet skis or boats, and Plaintiff paid full premium therefor. On October 28, 2021, the Lynch family filed a lawsuit against Kabul and Alexander alleging negligence. Kabul alleges that Admiral settled the Lynch claim without Kabul's authorization and now improperly seeks reimbursement from Kabul.

On June 8, 2025, Kabul filed this Complaint alleging claims against Admiral, and the following defendants/groups of defendants: (1) Gregg Eidsness Farm Bureau Financial Services ("Eidsness"), an insurance agent incorporated and having its principal place of business in Bullhead City in Arizona, to whom Kabul allegedly reported the Lynch incident and who advised that no claim needed to be filed at that time since no fault allegations had been made against Kabul; (2) NBS Insurance Agency, Inc. aka Nationwide Brokerage Solutions ("Nationwide"), a Delaware corporation and broker doing business in Arizona and Nevada, issuing policies and adjusting claims in Nevada; (3) RT Specialty, RSG Specialty, LLC, and Ryan Specialty, LLC (collectively referred to as "RSG"), who are brokers doing business in Arizona and Nevada issuing policies and adjusting claims in Nevada; (4) Erik W. Fox and Wolfe &

Wyman LLP (collectively, "Wolfe & Wyman"), Nevada attorneys who Admiral hired to represent Kabul; and (6) Kevin R. Stolworthy, and Armstrong & Teasdale, LLP (collectively "Armstrong & Teasdale"), a Nevada law firm who were the attorneys for Admiral. Notably, there are two prior pending actions[1] related to the same allegations, facts and occurrences pending in this Court.

In this case, Kabul alleges the Defendants engaged in concerted fraudulent actions to deny coverage to Kabul, and brings the following causes of action in this complaint: (1) breach of contract against Admiral and Armstrong Teasdale; (2) breach of the covenant of good faith and fair dealing against Admiral; (3) violation of NRS 686A.310 (Unfair Claims Practices) against Admiral; (4) negligence against all Defendants; (5) fraud (against Admiral, Armstrong Teasdale, Eidsness, Nationwide, RSG); (6) legal malpractice against Wolfe & Wyman; (7) civil conspiracy against all Defendants; (8) abuse of process against Admiral and Armstrong & Teasdale; and (9) Racketeering (NRS 207.470) against all Defendants.

## II. STATEMENT OF JURISDICTION

This is a civil action which may be removed to this Court by Defendant as it involves a federal question under maritime law. The Policy issued by Admiral is a maritime contract because it insured Kabul against maritime risks, *i.e.* bodily injury and property damage caused by Kabul's operations of jet ski rentals, and the Policy insures jet skis, which are vessels.

28 U.S.C. § 1333(1) provides that the district court shall have original jurisdiction, exclusive of the courts of the States over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." A party seeking to invoke federal admiralty jurisdiction over a contract claim must show that the contract was a "maritime contract." *New England Mut. Marine Ins. Co. v. Dunham*, 78 U.S. 1, 29 (1870). Whether a contract is maritime depends on its

---

[1] *See* Case No. 2:24-cv-02060-GMN-MDC, *Admiral Insurance Company v. Kabul, Inc., et al.*, ("Declaratory Judgment Action") and Case No. 2:22-cv-00177-CDS-NJK *Admiral Insurance Company, v. Kabul, Inc., et al.* ("Reimbursement Action").

"subject matter," not "the place of execution or place of performance" of the contract. *AquaMarine Constructors, Inc. v. Banks*, 110 F.3d 663, 671 (9th Cir. 1997). "A contract is within admiralty jurisdiction if its subject matter is maritime." R*oyal Ins. Co. of Am. v. Pier 39 Ltd. P'ship*, 738 F.2d 1035, 1036 (9th Cir. 1984). The Ninth Circuit has "recognized repeatedly that marine insurance policies are maritime contracts for purposes of admiralty jurisdiction." *La Reunion Francaise SA v. Barnes*, 247 F.3d 1022, 1025 (9th Cir. 2001). "For an insurance policy to be within admiralty jurisdiction, the interests insured, and not simply the risks insured against, must be maritime." *Royal Ins. Co. of Am.*, 738 F.2d at 1036.

The Court also has supplemental jurisdiction over Kabul's other claims because they are so related to the claims relating to the Policy such that they form a part of the same case or controversy under Article III of the United States Constitution. Kabul's claims all arise out of the allegations relating to the Policy. Accordingly, pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Kabul's other claims.

### III. ALL PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

No service of the summons or judicial process has been served upon Admiral. As a result, the 30 day time limit for removal under 28 U.S.C. §1446(b) has not yet begun to run on Admiral. *See Mayes v. American Hallmark Ins. Co. of Texas*, 114 F.4th 1077, 1078 (9th Cir. 2024) ("the removal time limit starts to run only when the defendant has received the complaint *and* has been formally served"). Removal of this action is timely, however, because "formal service is not a prerequisite to removal under §1446(b)(1)." *Id.* at 1079 (affirming removal by defendant before summons was served). Consistent with 28 U.S.C. §1448, Kabul may serve summons after removal.

Defendant may remove the State Court Action under 28 U.S.C. § 1441(a) because the action was brought in Department 26 (later reassigned to Department 31), Eighth Judicial District Court, Clark County, Nevada and the gravamen of the claims are rooted in federal law under 28 U.S.C. § 1333(1), i.e. civil case of admiralty or maritime jurisdiction, vesting this court with original jurisdiction.

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed in the State Court Action are attached as **Exhibit A-1 to Exhibit A-3**.

As required by 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this notice of removal with the clerk of the Eighth Judicial District Court for Clark County, Nevada, a true and correct copy of which is attached hereto as **Exhibit B**, and serve copies of the same on all parties to this action.

In accordance with 28 U.S.C. § 1446(b)(2)(A), consent is required for all properly served defendants. *See Baiul v. NBC Sports, a division of NBCUniversal Media, LLC*, 732 F. App'x 529, 531 (9th Cir. 2018), as amended (June 13, 2018) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action."). Each of the defendants has consented to removal.[2]  *See* **Exhibits C-1 through C-5**.

This notice is signed pursuant to Rule 11, Fed. R. Civ. P., in accordance with 28 U.S.C. § 1446(a).

By this notice of removal, Defendant does not waive any objections to service, jurisdiction, venue, or any other defenses or objections it may have. Defendant expressly reserves all defenses, motions, and pleas. Defendant prays the State Court Action be removed to this Court, all further proceedings in the State Court Action be stayed, and Defendant be given all additional reliefs to which it is entitled.

Admiral also identifies this case as a Related Case in Section VIII of the Civil Cover Sheet for this lawsuit.  This case is related to *Admiral Insurance Company v. Kabul, Inc.*, 2:24-cv-02060 (D. Nev.) (the "Reimbursement Action") that is pending before Judge Gloria M. Navarro as well as *Admiral Insurance Company v. Kabul, Inc.*,

---

[2] Admiral has contacted attorneys for each of the Defendants and obtained signed consents from all, except ERIK W. FOX and NBS INSURANCE AGENCY, INC. aka NATIONWIDE BROKERAGE SOLUTIONS ("NBS"). Counsel attempted unsuccessfully several times to contact Attorney FOX. However, his contact information with the State Bar of Nevada is not current.  There is no indication in the Clark County District Court file that Mr. Fox has been served. If Mr. Fox is eventually served, counsel will promptly seek his consent to removal.  For NBS, Attorney Nicole Hampton represents NBS in the prior actions and advised that her client has not yet been served.

2:22-cv-00177 (D. Nev.) (the "Coverage Action") that was pending as to Admiral before Judge Cristina D. Silva. On August 14, 2024, Judge Silva granted summary judgment in favor of Admiral and against Kabul, holding that Admiral has no duty to defend Kabul from the same underlying case that forms the subject matter of the current action. *See Admiral Ins. Co. v. Kabul, Inc.*, 2024 WL 3850485 (D. Nev. Aug. 14, 2024). Admiral filed the Reimbursement Action before Judge Navarro to recoup amounts that it spent in defense and settlement. Within the Reimbursement Action, Kabul has filed the exact same claims that are being removed here in that case as well. Upon removal, the current case should be consolidated and dismissed.

WHEREFORE, Defendant ADMIRAL INSURANCE COMPANY removes the above-referenced action now pending against it in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark to this Court.

DATED this 23rd day of July, 2025.

GARIN LAW GROUP

By: _____
JOSEPH P. GARIN, ESQ.
Nevada Bar No. 6653
9900 Covington Cross Drive, Suite 210
Las Vegas, Nevada 89144
jgarin@garinlawgroup.com

*Attorneys for Defendant Admiral Insurance Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of July, 2025, service of the foregoing **PETITION FOR REMOVAL** was made upon each party in the case who is registered as an electronic case filing user pursuant to Fed. Rule Civ. P. 5(b)(3), and Local Rule 5-4, as follows:

| | |
|---|---|
| Thomas F. Christensen, Esq.<br>CHRISTENSEN LAW OFFICES, LLC<br>1000 S. Valley View Blvd.<br>Las Vegas, NV 89107<br>courtnotices@injuryhelpnow.com<br><br>*Attorney for Plaintiff* | |

/s/ Michele Stones
An Employee of GARIN LAW GROUP