# EXHIBIT A-1
# Complaint
# Clark County Case No. A-25-920666-B

Electronically Filed
6/8/2025 2:35 PM
Steven D. Grierson
CLERK OF THE COURT

THOMAS F. CHRISTENSEN, ESQ.
Nevada Bar No. 2326
CHRISTENSEN LAW OFFICES, LLC
1000 S. Valley View Blvd.
Las Vegas, Nevada 89107
T: 702-870-1000
E: courtnotices@injuryhelpnow.com

CASE NO: A-25-920666-C
Department 26

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| Kabul, Inc. <br><br> Plaintiff, <br><br> vs. <br><br> ADMIRAL INSURANCE COMPANY, GREGG EIDSNESS FARM BUREAU FINANCIAL SERVICES, NBS Insurance Agency, Inc. aka NATIONWIDE BROKERAGE SOLUTIONS, RT SPECIALTY, RSG SPECIALTY, LLC, RYAN SPECIALTY, LLC, ERIK W. FOX, WOLFE & WYMAN, LLP, KEVIN R. STOLWORTHY, ARMSTRONG TEASDALE, LLP, DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive, <br><br> Defendants. | CASE NO: <br> DEPT. NO: |

**COMPLAINT**

COMES NOW Plaintiff Kabul, Inc. ("KABUL"), by and through its attorneys of record, Christensen Law Offices, LLC, and alleges as follows:

**I. PARTIES, JURISDICTION, AND GENERAL ALLEGATIONS**

1. Plaintiff Kabul, Inc. ("KABUL")

   - At all times relevant, KABUL was an Arizona corporation with its principal place of business in Arizona, operating a jet ski rental business in Arizona.

.

1

- This Court has jurisdiction pursuant to NRS 14.065, as Defendant Admiral asserts the claims arise from Defendants' conduct in Nevada, including claims adjustment. KABUL's principal is a Nevada resident, and Defendant Admiral Insurance Company ("ADMIRAL") has engaged in litigation in Nevada courts, alleging that Nevada law applies, and the Lawyer Defendants are Nevada lawyers.

2. Defendant Admiral Insurance Company ("ADMIRAL")

- A Delaware corporation with its principal place of business in Arizona, licensed to conduct insurance business in Arizona and Nevada, and has adjusted claims in Nevada.

3. Defendant Gregg Eidsness Farm Bureau Financial Services ("EIDSNESS")

- An insurance agent incorporated and having its principal place of business in Bullhead City, Arizona.

4. Defendant NBS Insurance Agency, Inc. aka Nationwide Brokerage Solutions ("NATIONWIDE")

- A Delaware corporation and broker doing business in Arizona and Nevada, issuing policies and adjusting claims in Nevada (National Producer Number 27920).

5. Defendants RT Specialty, RSG Specialty, LLC, and Ryan Specialty, LLC ("RSG")

- RT Specialty is a wholesale brokerage division and wholly owned subsidiary of RSG Specialty, LLC, a Delaware limited liability company, which is a subsidiary of Ryan Specialty, LLC, a Delaware limited liability company managed solely by Ryan Specialty Holdings, Inc.

- Collectively referred to as "RSG," these entities are brokers doing business in Arizona and Nevada, issuing policies and adjusting claims in Nevada.

6. Defendants Erik W. Fox & Wolfe & Wyman LLP (collectively "WOLFE & WYMAN")

.

2

- Erik W. Fox is a lawyer located and doing business in Nevada, employed by Wolfe & Wyman LLP .

- Wolfe & Wyman LLP is a law firm located and doing business in Las Vegas, Nevada.

7. Defendants Kevin R. Stolworthy & Armstrong Teasdale, LLP (collectively "Armstrong Teasdale")

- Kevin R. Stolworthy is a lawyer located and doing business in Nevada, employed by Armstrong Teasdale, LLP .

- Armstrong Teasdale, LLP is a law firm located and doing business in Las Vegas, Nevada.

8. Fictitious Defendants

- The true names and capacities of Defendants DOES I through X and ROE CORPORATIONS I through X are unknown to Plaintiff, who sues them by such fictitious names. Plaintiff will amend this complaint to insert their true names and capacities when ascertained.

9. Agency and Authority

- At all relevant times, all Defendants were acting as officers, directors, brokers, agents, contractors, advisors, servants, partners, joint venturers, employees, and/or alter-egos of their co-Defendants, within the scope of their authority, and with the permission and consent of their co-Defendants.

## II. FACTUAL BACKGROUND[1]

**A. KABUL Obtains Liability Policy in 2020**

10. Prior Policy

---

[1] A summary timeline is attached as exhibit 1.

.

3

- KABUL, whose principal officer is a resident of Las Vegas, Nevada, had a liability policy through ADMIRAL covering its specified operation of "RENTAL OF JET SKIS" for the term 4/25/2019 to 4/25/2020.

11. Brokerage Changes

- Prior to expiration of the 2019 policy, NATIONWIDE sought to replace the "double broker" Risk Placement Services with RSG, a change concealed from KABUL and EIDSNESS by NATIONWIDE, ADMIRAL, and RSG.

12. Application for 2020 Policy

- In spring 2020, KABUL applied for a new liability policy with ADMIRAL for the specified operation of "JET SKI RENTAL" via its agent EIDSNESS. The application did not require or include a list of individual jet skis.

13. Issuance of 2020 Policy

- ADMIRAL issued Policy No. CA000038462-01 ("2020 Policy") for the term 5/22/2020 to 5/22/2021, covering "JET SKI RENTAL" operations without requiring or attaching a schedule of individual jet skis. Individual jet skis are not insured under the policy. The specified operation of "JET SKI RENTAL" is insured under the policy.

- KABUL paid the full premium of $30,344.00 for the 2020 Policy.

**B. The Lynch Incident and Claim**

14. Incident on August 21, 2020

- On August 21, 2020, Tammy Lynch was killed while a passenger on a jet ski rented from KABUL and operated by Daryl Alexander, when a drunk driver on another comapany's jet ski rearended them.

- KABUL reported the incident to EIDSNESS, who advised that no claim needed to be filed at that time since no fault allegations had been made against KABUL.

12. Issuance of 2021 Policy

- ADMIRAL issued Policy No. CA000038462-02 ("2021 Policy") for the term 5/22/2021 to 5/22/2022, covering "JET SKI & BOAT RENTAL" operations without requiring or attaching a schedule of individual jet skis or boats. Individual jet skis are not insured under the policy. The specified operation of "JET SKI & BOAT RENTAL" is insured under the policy.

- KABUL paid the full premium of $45,360.00 for the 2021 Policy.

15. Lynch Lawsuit

- On October 28, 2021, the Lynch family filed a lawsuit against KABUL and Alexander, alleging negligence.

**C. ADMIRAL's Handling of the Lynch Claim**

16. Fraudulent Actions

- ADMIRAL, in concert with Armstrong Teasdale, RSG, NATIONWIDE, and EIDSNESS, engaged in post-claim underwriting and fraudulent modifications to deny coverage, including retroactively amending the 2021 Policy to require a jet ski schedule without KABUL's knowledge or consent.

- ADMIRAL refused to update any schedule with the jet ski involved in the Lynch incident despite receiving lists which included all information on the involved jet ski.

- ADMIRAL, in concert with Armstrong Teasdale, RSG, NATIONWIDE, and EIDSNESS, fraudulently concealed information regarding the existence and method for updating any jet ski lists from Kabul in order to improperly deny coverage.

5

17. Misrepresentations

   - ADMIRAL and Armstrong Teasdale fraudulently claimed the jet ski was not listed in the reservation of rights letter, the complaint for declaratory relief and numerous court filings and representations, despite having no schedule requirement in the 2020 Policy or the 2021 Policy and receiving updates from KABUL.

**D. ADMIRAL's Breach of Duty to Defend and Indemnify**

18. Failure to Defend

   - ADMIRAL had a duty to defend and indemnify KABUL and Alexander under the 2020 Policy but failed to do so adequately.

   - On information and belief ADMIRAL hired WOLFE & WYMAN to represent KABUL but prioritized ADMIRAL's interests over KABUL's, neglecting viable defenses.

19. WOLFE & WYMAN's Conduct

   - WOLFE & WYMAN breached their fiduciary duty to KABUL by failing to inform KABUL of conflicts of interest, independently evaluate liability, or pursue actions to inform or protect KABUL from the Lynch claims and ADMIRAL's claims.

**E. ADMIRAL's Litigation Tactics**

20. Declaratory Relief Action

   - ADMIRAL in conspiracy with Armstrong Teasdale engaged in changing material policy provisions of the policy while actively keeping information from Kabul, filed a declaratory relief action to avoid its duties, misrepresenting policy terms and engaging in post-claim underwriting.

.

6

- ADMIRAL settled the Lynch claim without KABUL's authorization and now improperly seeks reimbursement from KABUL, despite not pleading such claims, if they exist, and therfore waiving any claims.

## III. CAUSES OF ACTION

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT (Against ADMIRAL and Armstrong Teasdale)

21. KABUL incorporates all preceding paragraphs by reference.

22. The 2020 Policy was a valid contract under which ADMIRAL agreed to defend and indemnify KABUL for covered claims.

23. ADMIRAL breached this contract by:

   - Failing to properly defend KABUL;

   - Denying coverage on fraudulent grounds;

   - Perpetrating a fraud and abuse of process on Kabul and the court in conspiracy between Armstrong Teasdale and Admiral in order to conceal Admiral's fraud.

   - Refusing to indemnify KABUL for the Lynch claim.

24. As a result, KABUL suffered damages, including attorney fees, increased premiums, and emotional distress.

### SECOND CAUSE OF ACTION: BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING (Against ADMIRAL)

25. KABUL incorporates all preceding paragraphs by reference.

26. ADMIRAL owed KABUL a duty of affirmative good faith and fair dealing, breached by:

   - Engaging in post-claim underwriting;

   - Misrepresenting policy terms;

.

- Failing to investigate and defend properly.

27. These actions were oppressive and malicious, entitling KABUL to punitive damages.

### THIRD CAUSE OF ACTION: VIOLATION OF NRS 686A.310 (UNFAIR CLAIMS PRACTICES) (Against ADMIRAL)

28. KABUL incorporates all preceding paragraphs by reference.

29. ADMIRAL violated NRS 686A.310 by:

   - Failing to adopt reasonable standards for claim investigation;

   - Failing to affirm or deny coverage timely;

   - Failing to effectuate prompt settlement.

30. These violations caused KABUL damages, including attorney fees and emotional distress.

### FOURTH CAUSE OF ACTION: NEGLIGENCE (Against All Defendants)

31. KABUL incorporates all preceding paragraphs by reference.

32. Defendants owed KABUL a duty of care in handling the policy and claim, breached by:

   - Failing to update jet ski schedules;

   - Misrepresenting policy terms;

   - Failing to defend KABUL adequately.

33. As a result, KABUL suffered financial losses and emotional distress.

### FIFTH CAUSE OF ACTION: FRAUD (Against ADMIRAL, Armstrong Teasdale, EIDSNESS, NATIONWIDE, RSG)

34. KABUL incorporates all preceding paragraphs by reference.

.

8

35. Defendants knowingly made false representations about policy terms and the necessity of a jet ski schedule, upon which KABUL relied to its detriment, resulting in coverage denial and financial harm.

**SIXTH CAUSE OF ACTION: LEGAL MALPRACTICE (Against WOLFE & WYMAN)**

36. KABUL incorporates all preceding paragraphs by reference.

37. WOLFE & WYMAN owed KABUL a duty of care as its legal representatives, breached by:

- Failing to act in KABUL's best interests;
- Failing to inform KABUL of viable defenses and conflicts of interest;
- Not properly evaluating and pursuing available defenses;
- Failing to consult with KABUL and properly document settlement liability between KABUL and Alexander;
- Allowing ADMIRAL to control the defense to KABUL's detriment.

38. As a result, KABUL suffered damages, including liability exposure and attorney fees.

**SEVENTH CAUSE OF ACTION: CIVIL CONSPIRACY (Against All Defendants)**

39. KABUL incorporates all preceding paragraphs by reference.

40. Defendants conspired to deny KABUL coverage through fraudulent means, causing financial losses and emotional distress.

**EIGHTH CAUSE OF ACTION: ABUSE OF PROCESS (Against ADMIRAL and Armstrong Teasdale)**

41. KABUL incorporates all preceding paragraphs by reference.

42. Defendants engaged in improper litigation activities with the ulterior purpose of harming Kabul, including perjury, insurance fraud, lack of jurisdiction, claim splitting, forum shopping and other acts, to deny KABUL coverage and extort money from Kabul.

.

43. KABUL is entitled to treble damages under NRS 207.470.

**NINTH CAUSE OF ACTION: RACKETEERING (NRS 207.470) (Against All Defendants)**

44. KABUL incorporates all preceding paragraphs by reference.

45. Defendants engaged in a pattern of racketeering activity, of perjury, insurance fraud, and other predicate acts, to deny KABUL coverage including but not limited to:

- Representing that there was a list off jet skis associated with the 2020 policy in the reservation of rights letter, court filings and affidavits prepared by Armstrong Teasdale.
- Modifying the 2021 policy through RSG without the knowledge and consent of Kabul in November of 2021 in order to fraudulently require a list on the 2021 policy and fraudulently not list the involved jet ski on the 2021 list.
- Armstrong Teasdale made false statements to the court and knowingly offered false testimony that the jet ski was not on the 2021 list of jet skis.

46. KABUL is entitled to treble damages under NRS 207.470.

### IV. PRAYER FOR RELIEF

WHEREFORE, KABUL prays for judgment against Defendants as follows:

1. Indemnity for losses under the policy, including damages, attorney fees, interest, emotional distress, and lost income in an amount exceeding $15,000.00.

2. Breach of Contract Damages against ADMIRAL, including attorney fees estimated at $150,000 and increased insurance premiums of approximately $200,000, with leave to amend upon discovery.

3. Attorney Fees and Costs incurred in responding to Defendants' actions, exceeding $15,000.00.

4. General Damages exceeding $15,000.00.

5. Special Damages for any judgments against KABUL, plus consequential damages, costs, interest, and attorney fees.

6. Reimbursement of all attorney fees and costs incurred defending ADMIRAL's declaratory relief actions.

7. Compensatory Damages for emotional distress and anxiety.

8. Equitable Relief requiring Defendants, Armstrong Teasdale, EIDSNESS, NATIONWIDE, RSG and WOLFE & WYMAN to provide a defense for KABUL in the Lynch lawsuit and coverage equivalent to the ADMIRAL policy (one million dollars per occurrence, two million dollars aggregate).

9. Punitive and Exemplary Damages exceeding $15,000.00.

10. Treble Damages pursuant to NRS 207.470.

11. Attorney Fees and Costs of suit.

12. Additional Relief as the Court deems just and proper.

DATED this 8th day of June, 2025.

                                                Christensen Law Offices, LLC
                                                __/s/Thomas Christensen_____
                                                Thomas Christensen, Esq.
                                                Nevada Bar #2326
                                                1000 S. Valley View Blvd.
                                                Las Vegas, NV 89107
                                                PH: 702-870-1000
                                                courtnotices@injuryhelpnow.com

**EXHIBIT 1:TIMELINE**

5/11/2020: KABUL completes application for the policy it does not request and Kabul does not provide any hull numbers or specifics to obtain the general liability policy.
5/11/2020: Specific request is made for any other information required by ADMIRAL
5/11/2020-5/22/2020: No additional information is requested by ADMIRAL
5/22/2020: Policy is issued by ADMIRAL
6/25/2020-7/31/2020: KABUL provides updated jet skis purchased in 2020 to ADMIRAL through EIDSNESS
8/21/2020: Lynch collision/death (a Friday)
8/24/2020(at the latest): Lynch claim reported by KABUL to EIDSNESS
10/28/2021: Lynch lawsuit filed
11/5/2021: KABUL served
11//8/2021: EIDSNESS provided suit to ADMIRAL
11/15/2021: Baratti is provided with signed waiver and Hull information for involved jet ski
11/15/2021: Underwriter with Broker unilaterally amends 2021 policy to insert Boats Endorsement "Will ensure the form reads 'Per schedule of Jet Ski & Boats – On file with our Company'. **Schedules were provided at the time of renewal so nothing is needed from insured's end.**" (Admiral_003425)
11/18/2021: ADMIRAL's Baratti writes in claim file:
  "So the UW and I went over the policy and she
  said that she did not write the prior policies 0r (sic) this term , just
  the renewal. Her renewal has a list of
  jet skis.This policy has a note that says please
  refer to prior policy for list of jet skis. It is not in the
  policy. She further stated that the
  list is not updated as the year goes by, if one is
  taken off or a new one is added. She realizes this
  is an issue because jet skis can be taken out of
  commission for a variety of reasons and
  replaced."(Admiral_002302)
11/30/2021: Baratti writes to EIDSNESS: The jet ski was a 2020 Yamaha ID YAMA3877C020 that is was/is (sic) not listed on the schedule of the policy in effect on the DOL."
12/1/2021: EIDSNESS provides List of Hull numbers, including ADMIRAL_000813-000814 and tells ADMIRAL that KABUL "always provides a copy of new registrations every year for those skis that need to be added…"
12/3/2021: ADMIRAL sent a reservation of right to deny coverage, claiming that "Endorsement CG 24 12 11 85 Exclusion G but only for watercraft identified in the Schedule of Jet Skis on file with ADMIRAL."
1/31/2022: ADMIRAL files Declaratory Relief action #1

.